**IT IS ORDERED as set forth below:**

**Date: August 31, 2026**

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **WASH DEPOT CORP.,** | : | **Case No. 26-61214-BEM** |
| **CLARITY PROPERTIES, LLC,** | : | **Case No. 26-61216-BEM** |
| **LARRY E. CLARK, JR. and,** | : | **Case No. 26-61217-BEM** |
| **SAMARIA MASHANTA CLARK,** | : | |
| | : | **Jointly Administered Under** |
| **Debtors.** | : | **Case No. 26-61214-BEM** |
| | : | |

**ORDER APPROVING CLARITY PROPERTIES, LLC'S EMERGENCY MOTION FOR ORDER AUTHORIZING THE CONTINUED USE OF EXISTING BANK ACCOUNT AND FOR RELATED RELIEF**

WHEREAS, Clarity Properties, LLC, debtor and debtor in possession herein [the "**Debtor**"], filed its *Emergency Motion For Order Authorizing The Continued Use Of Existing Bank Accounts And For Related Relief* on August 26, 2026 [Doc. No. 14] [the "**Emergency Motion**"].

WHEREAS, the Debtor submits that in connection with the operation of its business, as of the Petition Date[1] the Debtor maintains checking account #s – 0160 and – 6880 at Hyperion Bank and checking account # - 9068 at Truist Bank (collectively, the "**Existing Bank Accounts**") into which it deposits all business revenue and from which it pays all operating, payroll, and tax expenses.

WHEREAS, by the Emergency Motion and in order to avoid disruption of Debtor's day-to-day operations, the Debtor seeks entry of an order granting it (i) authority to continue to maintain and use the Existing Bank Accounts for no more than thirty (30) days from the Petition Date, and (ii) granting such other relief as the Court deems just and proper.

WHEREAS, the Debtor submits that the requested relief will help ensure the Debtor's smooth transition into chapter 11 and avoid the havoc that would be wrought if the Debtor was forced to close the Existing Bank Accounts immediately before it is able to open and transition to a new debtor-in-possession account or accounts while juggling all of the other responsibilities associated with being a debtor-in-possession in the very beginning of a chapter 11 case and managing its business.

WHEREAS, the Emergency Motion came on for an expedited hearing upon due and proper notice on August 27, 2026 [the "**Hearing**"].

WHEREAS, for good cause shown, considering the comments and representations of parties present at the Hearing, and it appearing that there are no objections, it is hereby ORDERED as follows:

1. For the reasons set forth on the record at the Hearing, the Emergency Motion is GRANTED as set forth herein.

2. The Debtor is authorized, but not directed, to maintain and use its Existing Bank Account at Hyperion Bank and at Truist Bank (collectively, the "**Banks**") for a period not to exceed thirty

1 All capitalized terms not defined herein shall have the meanings ascribed to them in the Emergency Motion.

(30) days from the Petition Date. The Debtor will reference the bankruptcy case number and denote that it is operating as a DIP on the check stock.

3. The Debtor is authorized to request that the Banks, and the Banks are authorized to accept and honor all representations from the Debtor, as to which checks, drafts, wires, or ACH transfers should be honored or dishonored whether the Banks believe the payment is or is not consistent with the order(s) of this Court and governing law, and whether such checks, drafts, wires or ACH transfers are dated or made prior to, on or subsequent to the filing of this bankruptcy case.

4. If at any point the balance in any one of the Existing Bank Accounts exceeds the FDIC insurance limit, then the Debtor's counsel will inform the United States Trustee within 48 hours and will comply with Section 345(b)(1) of the Bankruptcy Code.

5. The Debtor will promptly execute the Financial Account Release Form and provide the form to the United States Trustee.

6. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Emergency Motion is necessary to avoid immediate and irreparable harm to the Debtor.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

10. Debtor's Counsel shall serve a copy of this Order on all parties-in-interest and file a certificate of service evidencing the method and manner of service.

** END OF DOCUMENT**

Prepared and presented by,
PAUL REECE MARR, P.C.
Debtor's attorney

/s/ Paul Reece Marr
Paul Reece Marr
GA Bar No. 471230
6075 Barfield Road
Suite 213
Sandy Springs, GA 30328
Telephone: 770-984-2255
Email: paul.marr@marrlegal.com

DISTRIBUTION LIST

Pursuant to Local Rule 9013-2(b) for the United States Bankruptcy Court, Northern District of Georgia, following is a list of all parties to be served with a copy of this Order:

Paul Reece Marr, P.C.
6075 Barfield Road
Suite 213
Sandy Springs, GA 30328